**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

AARON WEST,

             Plaintiff,

          v.

EEOC *et al.*,

             Defendants.

Civil Action No. 23-0476 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court on pro se Plaintiff Aaron West's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") without prepayment of fees under 28 U.S.C. § 1915 ("IFP Application"). (IFP Appl., ECF No. 11.) After review of the IFP Application, the Court grants Plaintiff IFP status. The Court now screens Plaintiff's Complaint (Compl., ECF No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Plaintiff's Complaint is dismissed in its entirety.

In support of his IFP Application, Plaintiff submitted a statement of all his assets, income, and expenses. (*See generally* IFP Appl.) The IFP Application is complete and indicates that Plaintiff's total monthly income and expenses are $1,600 and $1,937, respectively. (*Id.* at 2-5.) Plaintiff has no other sources of income or assets. (*Id.* at 1-3.) The Court, accordingly, finds that Plaintiff has established indigence and grants the IFP Application.

Having granted Plaintiff IFP status, pursuant to the statute, the Court screens the Complaint to determine whether any claim should be dismissed (1) as frivolous or malicious, (2) for failure to state a claim upon which relief may by granted, or (3) because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for

dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)[] is the same as that for dismissing a complaint pursuant to [Rule] 12(b)(6)." *Conner v. Reed*, No. 21-14193, 2020 WL 138100, at *1 (D.N.J. Jan. 4, 2022) (quoting *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff but need not accept as true legal conclusions couched as factual allegations. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

As Plaintiff is proceeding pro se, the Court must construe the pleadings liberally and in Plaintiff's favor. *See e.g.*, *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011); *Estelle*

*v. Gamble*, 429 U.S. 97, 106 (1976); *Capogrosso v. The Sup. Ct. of N.J.*, 588 F.3d 180, 184 n.1 (3d Cir. 2009) ("[W]e remain mindful of our obligation to construe a *pro se* litigant's pleadings liberally."). That said, while pro se pleadings are to be broadly construed, pro se litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

The Court dismisses Plaintiff's Complaint because it is devoid of any factual allegations. Throughout the Complaint, Plaintiff simply reiterates that he wants someone to call him and he wants Americans with Disabilities Act ("ADA") accommodations. (*See, e.g.*, Compl. 2 ("I want to talk on [the] phone under the ADA and [a]ccommodation"); 4 ("I want ADA").) In the section of the Complaint where Plaintiff is instructed to provide the events giving rise to the claim, Plaintiff states, "Please call me." (*Id.* at 3.) It is unclear to the Court if Plaintiff intended to file a Complaint against the named Defendants at all. Because the Complaint fails to state a claim upon which relief can be granted, the Court dismisses it in its entirety.

**IT IS** on this _6th_ day of September 2023, **ORDERED** as follows:

1.    Plaintiff's IFP Application (ECF No. 11) is **GRANTED**.

2.    Plaintiff's Complaint (ECF No. 1) is **DISMISSED**.

3.    The Clerk shall serve a copy of this Memorandum Order on Plaintiff by regular
      mail.


_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**